# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | 1:08-cv-01849-LJO-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| A. ENENMOH, et al., | (Doc. 8.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I. BACKGROUND**

Plaintiff Michael Louis Foster ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on December 3, 2008. (Doc. 1.) On December 19, 2008, plaintiff filed a motion for a protective/injunctive restraining order. (Docs. 15, 16.) Plaintiff's motion is now before the court.

**II. PRELIMINARY INJUNCTION**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

1

questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." <u>Id</u>. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." <u>Id</u>. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." <u>Id</u>.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.</u>, 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); <u>Jones v. City of Los Angeles</u>, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. <u>Id</u>. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir. 1985).

### III. DISCUSSION

In a separate order, the court dismissed plaintiff's complaint for failure to state a claim against any defendant. Plaintiff has been granted leave to file an amended complaint within thirty days. At this juncture, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. <u>Zepeda</u>, 753 F.2d at 727.

### IV. CONCLUSION

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed December 19, 2008, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time

1 | may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
2 | 1991).

IT IS SO ORDERED.

**Dated:   March 27, 2009**                         /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE