# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ENENMOH, et al.,<br><br>        Defendants.<br>_____/ | 1:08-cv-01849-LJO-SMS-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 15.)<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Plaintiff Michael Louis Foster ("plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation, and is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 3, 2008. The Court screened Plaintiff's complaint under 28 U.S.C. § 1915A and issued an order on March 30, 2009, dismissing the complaint for failure to state a claim with leave to amend. (Doc. 10.) On May 15, 2009, Plaintiff filed the First Amended Complaint. (Doc. 15.) On July 31, 2009, the Court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 16.) On September 13, 2009, plaintiff filed the Second Amended Complaint, which is now before the Court. (Doc. 21.) Plaintiff has also filed a motion for preliminary injunctive relief, in which he requests the court to order prison officials to immediately prescribe Metamucil for treatment of his medical condition. (Doc. 22.)

1

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff, who is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran ("CSATF"), brings this action for inadequate medical care in violation of the Eighth Amendment of the United States Constitution. Plaintiff alleges that he has had constipation since 2006 when doctors changed his prescription from Metamucil. Plaintiff alleges that he has not been provided with appropriate medical care for his ailment, and has been left to suffer in pain, despite his attempts to secure treatment by seeing doctors and a doctor's assistant. Plaintiff names as defendants Dr. A. Enenmoh (Chief Medical Officer), Physician's Assistant Jean-Pierre, and Dr. S. Raman.

Plaintiff alleges in the Second Amended Complaint as follows.

///

In 2006, plaintiff was taking Metamucil for his constipation problems, which worked well. At the end of 2006, plaintiff requested a refill, and although Dr. Enenmoh says he prescribed Metamucil, plaintiff was given fiber tablets instead, which did not work. Plaintiff returned to Dr. Enenmoh and told him the fiber tablets did not work and the constipation was worse. Dr. Enenmoh told plaintiff he could not prescribe Metamucil anymore because it was "nonformulary" and continued prescribing fiber tablets. Plaintiff's constipation became worse and he complained to Dr. Enenmoh about stomach pains, pain in his hernia area and rectum from straining, and going without a bowel movement for 3 to 4 days at a time. Dr. Enenmoh continued to refuse to prescribe Metamucil, told plaintiff to continue with the fiber tablets, and also prescribed Milk of Magnesia. Plaintiff returned to Dr. Enenmoh and told him the Milk of Magnesia caused diarrhea, but then the constipation would continue. Dr. Enenmoh told plaintiff to take more fiber tablets, but plaintiff's abdominal pain and the constipation worsened. Dr. Enenmoh prescribed fiber tablets and stool softener, and antibiotics for the flank pain. Plaintiff's flank pain worsened, and the constipation and other pains continued. Dr. Enenmoh ordered x-rays, an ultrasound, a CT scan, and arranged for plaintiff to see a urologist.

Plaintiff returned to Dr. Enenmoh on December 5, 2007, for results of the tests and was told that he had kidney stones and should continue taking fiber tablets for constipation. Plaintiff told Dr. Enenmoh that the directions on the fiber tablets said to stop taking them if you have abdominal pain, but Dr. Enenmoh said the fiber tablets were not the cause of his pain, and it was okay to continue taking them. Plaintiff again asked for Metamucil but was refused. Plaintiff's symptoms continued.

On February 15, 2008, plaintiff saw Physician's Assistant Jean-Pierre. Plaintiff explained his history of constipation and pain, and he told Jean-Pierre that the Milk of Magnesia, Docusate Sodium, and fiber tablets did not work, but Metamucil does work. Jean-Pierre prescribed Lactulose, a medication for people who have hepatitis, not constipation. The Lactulose gave plaintiff extreme diarrhea and caused him to have accidental bowel movements in his undershorts, and the constipation continued. On March 14, 2008, plaintiff returned to Jean-Pierre and told him about his symptoms. Jean-Pierre prescribed Docusate Sodium, even though plaintiff told him it doesn't work. The constipation and pain continued.

On June 18, 2008, plaintiff saw Dr. S. Raman and explained about his history of pain and constipation. Dr. Raman reviewed plaintiff's medical file and acknowledged the CT Scan, x-ray, ultrasound, and kidney stones. Dr. Ramen prescribed fiber tablets and Milk of Magnesia, even though plaintiff explained they don't work. Dr. Ramen told plaintiff to take more of the fiber tablets and to try chewing them. Plaintiff told Dr. Ramen about the instructions on the bottle of fiber tablets that said to stop taking the tablets if you experience abdominal pain. Dr. Ramen told plaintiff the fiber tablets were not the cause of his pain and he should continue taking them. Plaintiff's constipation and pain continued.

In July 2008, plaintiff noticed a lump on his neck which turned out to be a tumor. Plaintiff believes the tumor was caused by a build-up of fecal matter in his neck from chronic constipation.

On September 2, 2008, plaintiff saw Dr. Ramen again, and he finally prescribed Metamucil for plaintiff, but on September 3, 2008, Dr. Enenmoh denied the prescription and plaintiff was given more fiber tablets. On October 16, 2008, Dr. Ramen reordered Metamucil, but plaintiff never received it. Plaintiff continues to suffer from constipation and pain in his abdomen, flank, groin, rectum and hernia area.

## IV.  PLAINTIFF'S EIGHTH AMENDMENT MEDICAL CARE CLAIMS

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named

defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX , 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Further, under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

5

In this action, Plaintiff seeks to impose liability on Dr. A. Enenmoh, Dr. S. Raman, and Physician's Assistant Jean-Pierre for failing to appropriately treat his symptoms which he attributes to chronic constipation and an adverse reaction to medication prescribed by these defendants. Plaintiff has shown that he has a serious medical need which causes him pain and adversely affects his ability to function in day-to-day activities. Plaintiff has also demonstrated that Dr. Enenmoh, Dr. Raman, and Physician's Assistant Jean-Pierre each acted to affect plaintiff's medical care. However, plaintiff has not stated facts showing that any of these defendants was deliberately indifferent by purposely acting or failing to respond to plaintiff's pain or medical need, with harm caused by the indifference. Therefore, plaintiff fails to state a claim against defendants Enenmoh, Raman, and Jean-Pierre for inadequate medical care under the Eighth Amendment.

## V. CONCLUSION AND RECOMMENDATIONS

The court finds that plaintiff's complaint fails to state any claims upon which relief can be granted under section 1983 against any of the defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez, 203 F.3d at 1130 (internal citations omitted). However, in this action plaintiff has been granted two opportunities to amend the complaint, each time with guidance by the court. Plaintiff has now filed three complaints without alleging facts against any of the defendants which state a claim under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 19, 2010**              /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE