# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | CASE NO. 1:08-cv-01849-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| A. ENENMOH, | |
| | (Doc. 47) |
| Defendant. | |
| | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations Recommending Denial of Motion**

**I.    Introduction**

Plaintiff Michael Louis Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008. This action is proceeding on Plaintiff's second amended complaint, filed on September 17, 2009, against Defendant Enenmoh for violation of the Eighth Amendment of the United States Constitution. During the events in question, Defendant was a staff physician and then Chief Medical Officer at California Substance Abuse Treatment Facility and State Prison in Corcoran, California. Plaintiff's claim arises out of Defendant's alleged failure to provide him with Metamucil for constipation, which had been effective and which without he suffers deteriorating health and severe pain.

On December 29, 2011, Plaintiff filed a motion seeking a preliminary injunction mandating that Warden Kathleen Allison and Defendant provide him with Metamucil and dietary supplementation consisting of one apple and one bag of almond slices in the morning and in the evening. Defendant filed an opposition on January 26, 2012.

## II. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter, 555 U.S. at 24 (citation omitted). Rather, it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22 (citation omitted).

## III. Discussion

Plaintiff alleges that he has chronic constipation and he was using Metamucil with success. (Doc. 21, 2nd Amend. Comp.) However, in 2006, Plaintiff was given fiber tablets rather than Metamucil. (Id.) Plaintiff complained to Defendant that the fiber tablets did not work and his condition had worsened, but Defendant informed Plaintiff that he could no longer receive Metamucil because it was non-formulary. (Id.) Plaintiff continued to complain about constipation and to request Metamucil. (Id.) Plaintiff's medical condition continued to worsen, but Defendant still refused to provide Metamucil. (Id.) Plaintiff now seeks a preliminary injunction mandating the provision of Metamucil, apples, and almonds. (Doc. 47, Motion.)

At the pleading stage, Plaintiff's factual allegations must be accepted as true and construed in the light most favorable to him, Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012), but to prevail on a motion for preliminary injunctive relief, Plaintiff is required to submit admissible evidence supporting his contention that he is entitled to the relief he seeks, Winter, 555 U.S. at 20-22. For the reasons set forth below, the Court finds that Plaintiff has not demonstrated he is likely to succeed on the merits and without the issuance of the injunction, he is likely to suffer irreparable harm. In light of those findings, the Court does not reach whether the balance of equities tips in his favor or whether the injunction is in the public interest.

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th

Cir. 2006) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted).  The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) Defendant's response to the need was deliberately indifferent.  <u>Jett</u>, 439 F.3d at 1096 (quotation marks and citation omitted).  Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference.  <u>Id.</u> (citation and quotation marks omitted).

Neither a difference of opinion between medical personnel regarding treatment, <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989), nor a difference of opinion between Plaintiff and Defendant regarding treatment will support a claim, <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981). Rather, Plaintiff must show that the course of treatment chosen was medically unacceptable under the circumstances and that it was chosen in conscious disregard of an excessive risk to his health. <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986).

While Plaintiff alleges chronic constipation and a medical need for Metamucil over all other medications provided, Plaintiff has not submitted any admissible evidence that he has a serious medical need for which only Metamucil will suffice and that in providing medications other than Metamucil, Defendant is choosing a medically unacceptable course of treatment in conscious disregard of Plaintiff's health.  The medical records submitted by Plaintiff indicate that several doctors have requested or recommended that Plaintiff be provided with Metamucil because the fiber tablets were reportedly ineffective, Fed. R. Evid. 803(4), 901(b)(4), but that evidence falls well short of the demonstrating more than a difference of opinion between Plaintiff and Defendant or between physicians, and Plaintiff's lay opinion on these matters is inadmissable, Fed. R. Evid. 701, 702. (Exs. D, E, F, I, K, N.)

In his opposition, Defendant states that Metamucil became non-formulary in 2007, which means that it cannot be prescribed unless approved by a chief medical officer.  (Doc. 50, Opp., Enenmoh Dec., ¶2.)  Non-formulary drugs are approved if there is a medical indication for them and the alternatives have been proven not to work, a situation in which Defendant regularly prescribes non-formulary drugs.  (<u>Id.</u>)  However, it is the opinion of both Defendant and Dr. Barnett, licensed

physicians, that based on the constancy of Plaintiff's weight and the normalcy of his physical examinations and test results, there is no medical indication that Plaintiff's constipation is a serious medical need and there is no basis in fact for Plaintiff's claim that Metamucil uniquely works. (Barnett Dec., ¶¶3, 4, 9-11; Enenmoh Dec., ¶¶3-7.) Rather, Plaintiff has been provided with other medications, some of which adequately addressed his condition, and it is the medical opinion of both Defendant and Dr. Barnett that if Plaintiff would cooperate, the therapies provided to him would likely be effective. (Barnett Dec., ¶12; Enenmoh Dec., ¶6.) Further, both opine that the diet offered by the prison provides sufficient fiber. (Barnett Dec., ¶13; Enenmoh Dec., ¶7.)

In sum, there is evidence in the record demonstrating that Plaintiff's medical needs are not being ignored. As Plaintiff has not met his burden of demonstrating the likelihood of success on the merits and the likelihood of irreparable harm in the absence of relief, his motion must be denied.

**IV.     Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for a preliminary injunction, filed on December 29, 2011, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     April 13, 2012**               /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE