# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | CASE NO. 1:08-cv-01849-LJO-SKO PC |
|         Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND REQUIRING DEFENDANT TO A SERVE RESPONSE WITHIN THIRTY DAYS |
|    v. | |
| A. ENENMOH, | (Doc. 55) |
|         Defendant. | |
| | ORDER REQUIRING PLAINTIFF TO SET FORTH REASONABLE EXPENSES INCURRED IN FILING MOTION TO COMPEL, IF ANY, WITHIN THIRTY DAYS AND PROVIDING DEFENDANT THIRTY DAYS THEREAFTER WITHIN WHICH TO FILE A RESPONSE |
| _____/ | |

**Order on Motion to Compel**

## I.    Introduction

Plaintiff Michael Louis Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008.  This action is proceeding on Plaintiff's second amended complaint, filed on September 17, 2009, against Defendant Enenmoh for violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of the alleged denial of medical care.

On March 13, 2012, Plaintiff filed a motion seeking to compel a response to interrogatory number 10.  Defendant filed an opposition on March 30, 2012.  Local Rule 230(l).

///

///

1

## II.   __Motion to Compel__

Interrogatory number 10 states: "During the time that you were plaintiff Michael Foster's treating physician, what medication did you prescribe for his constipation problem that actually helped his constipation problem." (Doc. 55, Motion, Attach. 1.)

Defendant responded: "This information is contained in plaintiff's medical records which are equally available to the plaintiff." (Id.)

Plaintiff argues that he is seeking information reasonably calculated to lead to the discovery of admissible evidence, and he is entitled to an answer. Fed. R. Civ. P. 26(b)(1), 33. Defendant contends that Plaintiff failed to complete the meet and confer process before filing his motion to compel, Fed. R. Civ. P. 37(a)(1), and that he properly referred Plaintiff to Plaintiff's own medical records in response to the interrogatory.

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Defendant's contention that Plaintiff failed to complete the meet and confer process is without merit. Pursuant to the Court's discovery and scheduling order, there is no meet and confer requirement. (Doc. 45, ¶5.)

Defendant was Plaintiff's treating physician during a portion of the events at issue and Plaintiff is seeking to know what medications Defendant prescribed during that time which successfully treated Plaintiff's condition. This inquiry seeks information which is relevant and non-privileged, and the request is neither overly broad nor unduly burdensome. Fed. R. Civ. P. 26(b). Defendant's response that Plaintiff's medical records are equally available to him is untenable; the

interrogatory is proper and Defendant is required to respond in full.  Fed. R. Civ. P. 33(b); <u>Morgan</u> <u>v. Haviland</u>, No. 2:09-cv-2155 WBS KJN P, 2011 WL 2433648, at *1 (E.D.Cal. 2011); <u>Thomas v.</u> <u>Cate</u>, 715 F.Supp.2d 1012, 1032 (E.D.Cal. 2010); <u>National Academy of Recording Arts & Sciences,</u> <u>Inc. v. On Point Events, LP.</u>, 256 F.R.D. 678, 682 (C.D.Cal. 2009); <u>Fosselman v. Gibbs</u>, No. C 06-0375 PJH (PR), 2008 WL 745122, at *2 (N.D.Cal. 2008).  Plaintiff's motion to compel is granted and Defendant shall serve a response within thirty days.

**III.**   **Payment of Expenses**

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5) (quotation marks omitted).  Before doing so, the Court must provide an opportunity to be heard and the Court shall not order payment if circumstances make an award of expenses unjust.  <u>Id.</u> (quotation marks omitted).

Plaintiff has thirty days from the date of service of this order within which to set forth, under penalty of perjury, the reasonable expenses he incurred in making his motion.  If Plaintiff, due to indigence or other reason, did not incur any expenses, he shall state that fact.  Defendant has thirty days from the date of service of Plaintiff's response to be heard regarding the payment of reasonable expenses.

**IV.**   **Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel a response to interrogatory number 10, filed on March 13, 2012, is GRANTED;

2. Defendant shall serve a response within **thirty (30) days** from the date of service of this order;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall set forth, under penalty of perjury, the reasonable expenses he incurred in bringing his motion to compel, if any; and

///

///

4.      Defendant has **thirty (30) days** thereafter within which to file a response regarding the payment of reasonable expenses.

IT IS SO ORDERED.

**Dated:** ___**April 13, 2012**___            _____ /s/ **Sheila K. Oberto** _____
                                                                UNITED STATES MAGISTRATE JUDGE