# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | CASE NO. 1:08-cv-01849-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR AN ORDER DEEMING MATTERS ADMITTED AS UNNECESSARY AND DENYING MOTION FOR SANCTIONS |
| v. | |
| A. ENENMOH, | (Docs. 68 and 69) |
| Defendant. | |

## I.   Introduction

Plaintiff Michael Louis Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008. This action is proceeding on Plaintiff's second amended complaint, filed on September 17, 2009, against Defendant Enenmoh for violation of the Eighth Amendment of the United States Constitution.

On June 4, 2012, Plaintiff filed motions seeking orders deeming matters admitted and striking Defendant's answer as a sanction. On June 13, 2012, Defendant filed a statement of non-opposition to the admission of matters and an opposition to Plaintiff's motion to strike the answer. Plaintiff did not file a reply and the motions have been submitted. Local Rule 230(l).

## II.   Effect of Failing to Respond to Requests for Admission

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). If the responding party fails to serve a written answer or

objection within forty-five days, the matter is admitted. Fed. R. Civ. P. 36(a)(3); Doc. 45, Disc./Sched. Order, ¶2.

Plaintiff served his third set of requests for admission on Defendant on March 27, 2012, but he did not receive a response and he now seeks an order deeming the matters admitted. Defendant does not oppose the motion.

Rule 36(a)(3) is self-executing. Smith v. Pacific Bell Telephone Co., Inc., 662 F.Supp.2d 1199, 1229 (E.D.Cal. Aug. 12, 2009). In as much as there is no dispute between the parties that Defendant failed to serve a timely response to Plaintiff's requests for admission, the matters have been admitted and Plaintiff's motion for an order to that effect is denied as unnecessary.

### III. Sanctions

Plaintiff seeks an order striking Defendant's answer as a sanction for abusing the discovery process. Fed. R. Civ. P. 37. Defendant opposes the motion on the ground that there is no basis in law or equity to strike his answer. Defendant does not dispute that he failed to respond to Plaintiff's requests for admission and he does not intend to move for relief from the admissions; he contends his failure to respond was inadvertent.

Plaintiff is not entitled to sanctions under Rule 37. The consequence of Defendant's failure to respond to Plaintiff's requests for admission is that the matters are admitted. Fed. R. Civ. P. 36(a)(3). As the rule is self-executing, no motion to compel was required and Defendant did not fail to obey an order to provide discovery. Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(A).

Further, there is no other basis for the imposition of sanctions. While federal courts have the inherent authority to sanction conduct abusive of the judicial process, "[b]ecause of their very potency, inherent powers must be exercise with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). Although Plaintiff asserts that Defendant's conduct is an "outrageous abuse of the discovery process," there is no support for this accusation. (Doc. 68, Motion, 3:1-2.) To the contrary, Defendant concedes that he failed to respond and states that he does not intend to seek relief from the admissions.

///

///

**IV.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order deeming matters admitted is DENIED as unnecessary; and

2. Plaintiff's motion for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:    July 11, 2012**                              /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE