# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | Case No. 1:08-cv-01849-LJO-SKO PC |
| Plaintiff, | ORDER DISREGARDING LETTER, DENYING MOTION FOR TRANSFER, AND DENYING MOTION FOR COUNSEL |
| v. | |
| A. ENENMOH, | (Docs. 100, 101, and 102) |
| Defendant. | |

Plaintiff Michael Louis Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008. This action is proceeding on Plaintiff's second amended complaint, filed on September 17, 2009, against Defendant Enenmoh for violation of the Eighth Amendment of the United States Constitution. Jury trial is set for February 4, 2014.

On October 28, 2013, Plaintiff filed a letter stating he is being harassed for exercising his right to access the courts, a motion seeking a transfer to another prison where he will have adequate law library access, and a motion seeking the appointment of counsel. Defendant filed an opposition to the motion for appointment of counsel on October 29, 2013. The motions have been submitted upon the record without oral argument. Local Rule 230(*l*).

The Court does not have jurisdiction to issue any orders regarding Plaintiff's present conditions of confinement at High Desert State Prison. *E.g.*, *Summers v. Earth Island Institute*,

555 U.S. 488, 493, 129 S.Ct. 1142 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the adjudication of Plaintiff's Eighth Amendment damages claim arising out of the past violation of his rights at California Substance Abuse Treatment Facility and State Prison, Corcoran.  18 U.S.C. § 3626(a)(1)(A); *Summers*, 555 U.S. at 493; *Lujan*, 504 U.S. at 559-61; *Lyons*, 461 U.S. at 101; *Mayfield*, 599 F.3d at 969; *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).  Accordingly, Plaintiff's letter is disregarded and his motion for a transfer to a prison with more law library access is denied.

With respect to the appointment of counsel, Plaintiff does not have a constitutional right to counsel in this action.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  *Palmer*, 560 F.3d at 970.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will

seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's letter is DISREGARDED;
2. Plaintiff's motion for a transfer is DENIED; and
3. Plaintiff's motion for counsel is DENIED.

IT IS SO ORDERED.

Dated:   **November 25, 2013**           /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE