# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | Case No. 1:08-cv-01849-LJO-SKO PC |
| Plaintiff, | ORDER ADDRESSING PROPOSED WITNESS R. SCHARFFENBERG, M.D., AND REQUIRING PLAINTIFF TO SUBMIT CHECK OR MONEY ON OR BEFORE JANUARY 14, 2014 |
| v. | |
| A. ENENMOH, | |
| Defendant. | (Docs. 96 and 105) |
| | ORDER DIRECTING CLERK'S OFFICE TO SERVE COURTESY COPY OF ORDER TO HIGH DESERT STATE PRISON AND REQUESTING LITIGATION OFFICE PROVIDE PLAINTIFF WITH A COPY BY 12:00 P.M. ON DECEMBER 20, 2013 |
| _____/ | |

This matter is set for jury trial on February 4, 2014. During the telephonic trial confirmation hearing held on December 19, 2013, at 8:00 a.m., Plaintiff represented it was his intention to have Dr. R. Scharffenberg served by the United States Marshal with a subpoena ad testificandum. Plaintiff stated that he complied with the terms of the Second Scheduling Order by identifying Dr. Scharffenberg and providing his location, but the Court did not inform him of the check or money order amount he needed to submit to have Dr. Scharffenberg served with a subpoena, per the terms of the order.

The Second Scheduling Order provided, in relevant part:

> If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. <u>Id.</u>  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.
>
> If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed in forma pauperis.
>
> **If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than December 5, 2013. In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, on or before November 5, 2013.**

(Doc. 96, 2nd Sched. Order, 4:8-27.)

The Court is not clairvoyant and it did not divine from Plaintiff's mere witness list that he had the ability and willingness to compensate unincarcerated witnesses who refuse to testify voluntarily. The Court notes that in its lengthy experience with pro se civil rights cases, it has never before had an indigent plaintiff rely solely on a mere witness list to place the Court on notice of (1) ability and (2) willingness to compensate an unincarcerated witness who will not testify voluntarily. Prudence dictates that litigants make clear the relief they are seeking, and the failure to do so with respect to a trial witness in a situation such as this is an issue not previously encountered by the Court.

If Plaintiff's family is willing and able to submit the necessary funds, as Plaintiff's represented, there is still sufficient time for the United States Marshal to serve Plaintiff's witness. Plaintiff represented that Dr. R. Scharffenberg is employed at California Substance Abuse Treatment Facility and State Prison, 900 Quebec Avenue, Corcoran, CA, 93212. (Doc. 105, Pl.

Pretrial. Stmt., p. 22.)  Assuming that information is correct, Dr. Scharffenberg is entitled to a check or money order, made payable to him, for $101.97.[1,2]  28 U.S.C. § 1821; Fed. R. Civ. P. 45.

Accordingly, the Court HEREBY ORDERS as follows:

1. For Plaintiff to obtain an order directing the United States Marshal to personally serve Dr. Sharffenberg with a subpoena ad testificandum, Plaintiff must, on or before **January 14, 2014**, submit to the Court a check or money order made payable to Dr. Scharffenberg in the amount of $101.97;

2. The Clerk's Office shall serve a courtesy copy of this order on the Litigation Office at High Desert State Prison; and

3. In an effort to expedite Plaintiff's receipt of this order, the Litigation Office at High Desert State Prison is requested to provide Plaintiff with a copy of this order no later than 12:00 p.m. on Friday, December 20, 2013.

IT IS SO ORDERED.

Dated:   **December 19, 2013**           /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

---

[1] The Court cannot and will not act as counsel or investigator for Plaintiff and this information is therefore unverified.

[2] Daily witness fee of $40.00, plus travel expenses for 109.68 miles, roundtrip, at the rate of 56.5 cents per mile.

3