# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>A. ENENMOH,<br><br>    Defendant.<br>_____/ | Case No. 1:08-cv-01849-LJO-SKO PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF THREE INMATE WITNESSES<br><br>(Doc. 104) |

## I. **Background**

Plaintiff Michael Louis Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008. This action is proceeding on Plaintiff's second amended complaint, filed on September 17, 2009, against Defendant Enenmoh for violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of the alleged denial of medical care.

This case is set for jury trial on February 4, 2014. Plaintiff filed a motion seeking the attendance of three inmate witnesses on November 4, 2013. Defendant filed an opposition on November 27, 2013.

Plaintiff seeks inmates Bruce McKinnie, Aaron M. Carter, and Edward Fuller as witnesses. These inmates were cellmates with Plaintiff at different times and their proposed testimony relates to the side effects Plaintiff suffered from taking Lactulose.

Defendant opposes the transportation of these witnesses for trial on the following grounds: (1) the value of their testimony is low and their testimony will be cumulative of Plaintiff's testimony; (2) they pose security risks as long term incarcerated felons; (3) the State should not be forced to shoulder the expense of such transportation; and (4) the witnesses can appear by video conference or telephone.

## II.     Discussion

### A.     Legal Standard

In *Wiggins v. County of Alameda*, 717 F.2d 466 (9th Cir. 1983), the California Department of Corrections and Rehabilitation ("CDCR") appealed an order by a Magistrate Judge requiring CDCR to transport, guard, and pay for all expenses associate with security an inmate's presence at a federal civil rights trial.  The Ninth Court held, "Where there is no statutory authority requiring the United States to transport and guard a prisoner called as a witness by a validly issued federal writ or authorizing reimbursement to the state for the costs of compliance with such a writ, then there is no basis upon which the state can seek compensation for its expense." *Wiggins*, 717 F.2d at 469.  "We conclude that a district court judge has discretion to allocate the costs of compliance with a writ ad testificandum in any number of combinations . . . [including] sharing costs . . . imposing full costs on the United States . . . or, as in the instant case, imposing the full costs on the state." *Id.*

When determining whether to issue a writ of habeas corpus ad testificandum, the district court must consider the following factors: (1) whether the prisoner's presence will substantially further the resolution of the case; (2) security risks presented by the prisoner's presence; (3) the expense of the prisoner's transportation and safekeeping; and (4) whether the suit can be stayed until the prisoner is released without prejudice to the cause asserted.[1]  *Wiggins*, 717 F.2d at 468 n.1 (citing *Ballard v. Spradley*, 557 F.2d 476, 480 (5th Cir. 1977)); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994).

---

[1] There is no information regarding the inmates' release dates and therefore, that factor is not discussed.

### B. Relevance of Testimony

Plaintiff's inability to tolerate Lactulose is relevant to Plaintiff's claim in that it supports his position that he had a medical need for Metamucil specifically and other medications he was prescribed did not work and/or caused him side effects.

While Plaintiff can testify to the side effects of Lactulose, as Defendant contends, Defendant's argument that Plaintiff should be precluded from having any witnesses to corroborate his testimony is untenable.

### C. Security Risks

Defendant has offered no evidence that these three inmates pose any particular security risk. They are serving prison sentences, but in the absence of any evidence of a heightened security risk, Defendant's argument is unavailing.

### D. Cost

Given the decision in *Wiggins*, Defendant's argument that the State should not bear the cost of transportation also fails. *Wiggins*, 717 F.2d at 468-69. Furthermore, the three inmates are all incarcerated at prisons close enough to the courthouse that their transportation would present no exceptional issues from a cost standpoint.

### E. Appearance by Alternate Means

Finally, in-person witness testimony is the rule and creating an exception to that rule requires the Court to find (1) good cause (2) in compelling circumstances (3) with appropriate safeguards. Fed. R. Civ. P. 43(a). The Court is not persuaded that there are any compelling factors weighing in favor of deviating from Rule 43.

## III. Conclusion and Order

In conclusion, Plaintiff's inability to tolerate Lactulose is relevant because it supports his position that Metamucil was the only medication that worked well for him and other alternatives tried – such as Lactulose – caused side effects and/or did not work at all. However, as discussed in the hearing, the testimony is not so crucial to Plaintiff's claim that it supports the need for cumulative testimony from four witnesses, including Plaintiff. Fed. R. Evid. 403; *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1070-71 (9th Cir. 2005); *General Signal Corp. v. MCI*

3

*Telecommunications Corp.*, 66 F.3d 1500, 1509-10 (9th Cir. 1995). The transportation of one inmate witness suffices under the circumstances.

Bruce McKinnie is incarcerated at the prison closest to the courthouse and the Court is not aware of any concerns that would impact his transportation for trial.[2] Accordingly, Plaintiff's motion is HEREBY GRANTED as to one inmate witness, and at the appropriate juncture, the Court will issue a writ of habeas corpus ad testificandum directing the production of Bruce McKinnie, # C-47098, for trial.

IT IS SO ORDERED.

Dated:  **December 20, 2013**        /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

---

[2] The Court takes judicial notice of Edward Fuller's allegation that he is blind and wheelchair-bound. *Fuller v. Aikens*, case number 1:12-cv-00956-LJO-SKO (PC). Furthermore, Mr. Fuller is currently housed at a state prison which provides medical and mental health care to inmates with the severe, long term needs. Mr. Fuller's allegations and his housing placement suggest the existence of issues which might impact his transportation for trial.