# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | Case No. 1:08-cv-01849-LJO-SKO PC |
| Plaintiff, | **AMENDED PRETRIAL ORDER** |
| v. | Motion in Limine Filing: 01/09/2014 |
| A. ENENMOH, | Motion in Limine Response: 01/27/2014 |
| Defendant. | Motion in Limine Hearing: 02/04/2014, at 8:30 a.m in Courtroom 4 (LJO) |
| | Jury Trial: 02/04/2014 at 8:30 a.m. in Courtroom 4 (LJO) |

Plaintiff Michael Louis Foster ("Plaintiff") is a state prisoner proceeding pro se. Defendant A. Enenmoh ("Defendant") is represented by Janine K. Jeffery and Oren Rosenthal of Reily and Jeffery, Inc. Pursuant to Fed. R. Civ. P. 16(e), the Court now issues the final pretrial order.

**I.   Summary**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008. This action for damages is proceeding on Plaintiff's second amended complaint, filed on September 17, 2009, against Defendant for failing to provide him with adequate medical care for his chronic constipation, in violation of the Eighth Amendment of the United States Constitution. At the time of the events in question, Defendant, a physician, was employed at California

Substance Abuse Treatment Facility and State Prison ("CSTAF") in Corcoran, California.

## II.     Jurisdiction and Venue

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391.

## III.    Trial

The parties request a trial by jury. Fed. R. Civ. P. 38(b).

Trial is set for **February 4, 2014 at 8:30 a.m.** before U.S. District Judge Lawrence J. O'Neill in Department 4 (LJO). Due to the Court's impacted trial calendar, the parties are encouraged to consent to the conduct all further proceedings before a U.S. Magistrate Judge. The Court anticipates trial will be completed in no more than 2-3 days.

## IV.     Facts

### A.     Undisputed Facts

#### 1.     Plaintiff's Proposed Undisputed Facts[1]

1. On June 12, 2006, Defendant prescribed Plaintiff Colace (ducosate sodium), a stool softener.

2. On July 11, 2006, Defendant ordered fiber tabs for Plaintiff.

3. On January 5, 2007, Defendant renewed Plaintiff's prescription for fiber tabs.

4. On February 14, 2007, Defendant ordered Metamucil for Plaintiff's constipation.

5. Within kidneys, there are occasional findings of deposits commonly known as 'stones' which contain calcium as part of their chemical components.

6. Some fiber tabs contain calcium polycarbohil 625 mg.

7. Defendant ordered a CT scan of Plaintiff's abdomen and pelvis, and the scan, which was conducted on November 29, 2007, noted pelvic calcifications and revealed a renal calculus (kidney stone) and kidney cyst.

8. On September 8, 2008, Defendant disapproved Dr. Raman's "Non Formulary Drug

---

[1] Omitted from this section are those facts offered by Plaintiff which are in dispute and/or which are irrelevant to the legal claim in this action.

2

Request" for Metamucil for Plaintiff, and on October 8, 2009, Defendant denied another provider's "Non Formulary Drug Request" for Metamucil for Plaintiff.

9.  As Chief Medical Officer, Defendant routinely approved non-formulary drug requests where there was a medical indication for doing so and the alternatives had been proven not to work.

10. Metamucil was removed from the formulary to achieve efficiencies of scale and cost control.

11. Plaintiff has been taking Lactulose since 2008.

12. Lactulose can cause diarrhea.

13. A common cause of constipation is inadequate dietary fiber.

14. The main treatment for constipation is increased water and fiber intake.

15. Plaintiff was offered fiber tabs and Metamucil for his constipation.

16. On July 10, 2008, Defendant denied Plaintiff's inmate appeal for Metamucil at the second level of review on the ground that Metamucil is non-formulary and cannot be prescribed.

## 2. Defendant's Proposed Undisputed Facts

1.  Plaintiff was born on September 10, 1962.

2.  Plaintiff is a convicted felon serving a sentence of twenty-six years to life.

3.  Plaintiff has been convicted of:[2]

    a.  Burglary (1980, 1981, 1982, 1985, 1986, 1993)

    b.  Vehicle theft (1982, 1983)

    c.  Robbery (1986, 1993)

    d.  Assault with a deadly weapon (1986)

    e.  Attempted robbery (1986)

    f.  Grant theft vehicle (1990, 1991)

    g.  Prison escape without force (1991)

---

[2] If a conviction is more than ten years old, Defendant is required to comply with Fed. R. Evid. 609(b) if he seeks to impeach Plaintiff with the conviction. *Simpson v. Thomas*, 528 F.3d 685, 690-91 (9th Cir. 2008).

3

      h.      Attempted grand theft auto (1993)

      i.      Grant theft (1993)

      j.      Battery on a non-confined person (2006)

      k.      Taking vehicle without owner's consent (2001)

      l.      Evading police (2001)

      m.      Possession of drugs/alcohol in prison (1981)

4. From January 13, 2006, to August 2013, Plaintiff was incarcerated at CSATF.

5. In August 2013, Plaintiff was transferred to High Desert State Prison in Susanville, California.

6. Metamucil became non-formulary in 2007.

7. Plaintiff has not incurred any medical bills.

8. Plaintiff has not been hospitalized for any condition related to constipation.

9. Defendant became Chief Medical Officer at CSATF in January 2008.

10. Plaintiff filed this lawsuit on December 3, 2008.

### B. Disputed Facts

1. Whether Plaintiff's constipation constituted a serious medical need.

2. Whether Defendant's decision to deny Plaintiff Metamucil was based solely on the fact that Metamucil was non-formulary, as Plaintiff contends, or whether Defendant's decision to deny Metamucil was based on his medical opinion that there was no medical indication for prescribing it and no proof that the alternatives did not work, as Defendant contends.

3. Whether there is any medical basis for asserting that Metamucil works uniquely, as Plaintiff contends.

4. Whether Plaintiff received appropriate medical treatment for his condition.

5. Whether there is any evidence that Plaintiff's condition deteriorated in the absence of Metamucil.

6. Whether Defendant is entitled to qualified immunity based on his decision to deny Plaintiff's request for Metamucil.

7. Whether there is any evidence that Defendant's conduct was "motivated by evil motive or

intent, or . . . involve[d] reckless or callous indifference to the federally protected rights of others" such as to give rise to a punitive damage award.

8. Whether fiber tabs cause kidney stones or calcification of the pelvis, whether Plaintiff suffered from either condition related to his use of fiber tabs, and whether either condition was a source of pain.[3]

9. Excluding fiber tabs, whether Plaintiff refused medications offered to him.

10. Whether Plaintiff's constipation caused him pain.

11. Whether Plaintiff had pain in his flank and pelvis, and whether the pain subsided when he stopped taking fiber tabs.

12. What issues, if any, Plaintiff continues to have with constipation.

### C. Disputed Evidentiary Issues[4]

1. Defendant seeks to introduce evidence of Plaintiff's felony convictions, and Plaintiff objects to the introduction of this evidence.[5] Defendant contends that this issue should be briefed in a motion in limine.

2. Plaintiff seeks to introduce testimony that taking fiber tabs caused: (1) pain in his flank, groin, hernia, and leg; (2) kidney stones; and/or (3) pelvic calcification. Defendant seeks to exclude this testimony on the ground that Plaintiff does not have the qualifications to offer such testimony.

3. Plaintiff seeks to introduce testimony that constipation caused him to have internal hemorrhoids. Defendant seeks to exclude this testimony because Plaintiff does not have the qualifications to offer such testimony.

4. Plaintiff seeks to introduce medical documents obtained from the internet. Defendant opposes the introduction into evidence of any such documents.

---

[3] Treatment for those medical conditions is not at issue in this action, but Plaintiff argues that the use of fiber tabs versus Metamucil caused him other medical problems, supporting his position that Metamucil was medically indicated.

[4] The parties may file motions in limine, addressed in section XVVI(A)(1), and/or object to the introduction of evidence at trial.

[5] Compliance with Fed. R. Evid. 609(b) is required for any conviction more than ten years old. *Simpson*, 528 F.3d at 690-91.

5.     Defendant objects to Plaintiff offering his own testimony regarding medical records, including the meaning of any medical tests, on the ground that Plaintiff lacks the qualifications to offer such testimony.

### D.     Special Factual Information

None.

## V.     Relief Sought

Plaintiff is no longer incarcerated at CSTAF and his claim arises from past events at that prison. Therefore, Plaintiff's claims for declaratory and injunctive relief are dismissed, and this action is limited to monetary damages. 18 U.S.C. § 3626(a)(1)(A); *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).

In his second amended complaint, Plaintiff prays for unspecified compensatory and punitive damages. In his pretrial statement, Plaintiff seeks $35.00 per day for the past seven years in compensatory damages, and he seeks $15.00 per day for the past seven years in punitive damages.

## VI.     Points of Law

### A.     Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To prevail on his medical care claim, Plaintiff must demonstrate a link between actions or omissions of Defendant and the violation of his Eighth Amendment rights; there is no *respondeat superior* liability under section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-

75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

### B. Eighth Amendment Claim

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and/or the existence of chronic or substantial pain are indications of a serious medical need, which is the objective element of an Eighth Amendment claim. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted).

Deliberate indifference, which is the subjective element of an Eighth Amendment claim, is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); *Snow*, 681 F.3d at 987-88; *Wilhelm*, 680 F.3d at 1122.

Finally, "[a] difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989));

7

*Wilhelm*, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted). However, treatment decisions based on budgetary concerns do not shield prison officials from liability for deliberate indifference. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

### C. Physical Injury Required for Mental and Emotional Damages

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *accord Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Oliver*, 289 F.3d at 630.

### D. Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### E. Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony. Federal Rule of Evidence 404(b) provides that evidence of prior crimes,

8

wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

**VII.      Abandoned Issues**

None.

**VIII.     Witnesses**

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

      **A.     Plaintiff's Witness List**[6]

1. Plaintiff Michael Louis Foster
2. Defendant A. Enemoh
3. Inmate Bruce McKinnie, aka Bruce Mc Kinney, C-47098
4. Dr. R. Scharffenberg, CSTAF, 900 Quebec Ave., Corcoran, CA 93212

      **B.     Defendant's Witness List**[7,8]

1. Dr. Bruce Barnett, CMO Receiver's Office, P.O. Box 4038, Sacramento, CA 95812
2. Defendant Enenmoh, CSTAF, 900 Quebec Ave., Corcoran, CA 93212
3. Dr. Ugwueze, CSTAF, 900 Quebec Ave., Corcoran, CA 93212

---

[6] Plaintiff's motion for the attendance of one inmate witness was granted at the telephonic trial confirmation hearing, and in due course, the Court will issue a writ of habeas corpus ad testificandum directing the production of Bruce McKinnie, C-47098, aka Bruce Mc Kinney, C-47098, for trial.

[7] Placement on the witness does not guarantee that the defense will call the witness to testify at trial and Plaintiff may not rely on Defendant's witness list as assurance the witness will testify.

[8] Defendant did not list a custodian of records to authenticate documents, and Plaintiff has offered to stipulate to the authenticity of CDCR documents from his central and medical files. Documents may be authenticated by review of their contents if they appear to be sufficiently genuine, Fed. R. Evid. 901(b)(4), and the propounding party need only make a prima facie showing of authenticity, *U.S. v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). The Court therefore anticipates it will not be burdened with groundless objections to prison records on authentication grounds.

**IX.	Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at trial.  NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."  Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

### A.	Plaintiff's Exhibits

A.	Plaintiff's medical file

B.	Plaintiff's two inmate appeals (CDCR form 602)

C.	WebMD medical reference from Healthwise, Incorporated

D.	Medical reference from Kidney Stone Cause.com

E.	Label from Metamucil bottle

F.	Letter from Food and Drug Administration

G.	Defendant's declaration, submitted in support of his summary judgment motion

H.	Dr. Bruce Barnett's declaration, submitted in support of Defendant's summary judgment motion

I.	Care package receipt

### B.	Defendant's Exhibits

1.	Abstracts of judgment for 2001 and 2006 convictions, Case No. 05CM7190[9]

2.	Abstract of judgment for Case No. A367416

3.	Abstract of judgment for Case No. LAMC31317281

4.	Abstract of judgment for Case No. A766735

5.	Abstract of judgment for Case No. ELAA793480

6.	Abstract of judgment for Case No. LACBA026806

7.	Abstract of judgment for Case No. LACBA045634

8.	Abstract of judgment for Case No. COMTA014918

---

[9] Defendant is reminded that he is required to comply with Fed. R. Evid. 609(b) if he seeks to impeach Plaintiff with convictions more than ten years old.  *Simpson*, 528 F.3d at 690-91.

9.  Abstract of judgment for Case No. CCM46238
10. Abstract of judgment for Case No. LAWSA014250
11. Abstract of judgment for Case No. M224557
12. Abstract of judgment for Case No. A199004
13. Abstract of judgment for Case No. A802145
14. Abstract of judgment for Case No. OCR8064
15. July 7, 2006 Physician's Orders
16. 2006 Encounter Forms
17. January 5, 2007 Physician's Orders
18. February 14, 2007 Physician's Orders
19. April 2, 2007 Physician's Orders
20. October 10, 2007 Physician's Orders, Outpatient interdisciplinary progress notes, and Lab Results
21. November 20, 2007 Physician's Orders, Thirty Day Specialty Consult, and Physician's Progress Notes
22. November 20, 2007 report of x-ray of abdomen
23. November 27, 2007 Physician's Orders and Physician Request for Services, physician progress notes
24. November 29, 2007 Final Radiology Report for CT Abdomen/CT Pelvis
25. December 5, 2007 Physician's Orders, Physician Request for Services and Outpatient interdisciplinary progress notes, Thirty Day Specialty Consult
26. 2007 Encounter Forms
27. January 8, 2008 Thirty Day Specialty Consult
28. February 15, 2008 Outpatient interdisciplinary progress notes
29. March 9, 2008 Health Care Services Request
30. March 14, 2008 Outpatient interdisciplinary progress notes
31. April 8, 2008 Health Care Services Request
32. April 12, 2008 Health Care Services Request

11

33. 2008 Encounter Forms

34. January 14, 2009 Outpatient interdisciplinary progress notes

35. April 14, 2009 Outpatient interdisciplinary progress notes

36. June 3, 2009 Health Care Services Request

37. October 8, 2009 Non-Formulary Drug Request

38. November 4, 2009 Request for Services

39. November 14, 2009 Refusal of Services

40. 2009 Encounter Forms

41. February 9, 2010 Operative Note re colonoscopy

42. May 7, 2010 General Medicine Chronic Care Intake Evaluation

43. May 25, 2010 Encounter Form

44. June 8, 2010 Chronic Care Follow up Visit

45. July 7, 2010 Chronic Care Follow up Visit

46. July 27, 2010 Chronic Care Follow up Visit

47. October 5, 2010 - refer to dietician

48. 2010 Encounter Forms

49. February 16, 2011 Primary Care Provider Progress Note

50. April 1, 2011 Health Care Services Request form

51. 2011 Encounter Forms

52. October 30, 2013 Health Care Services Memorandum re Metamucil

**X.        Discovery Documents to be Used at Trial**

Defendant may seek to use portions of Plaintiff's deposition transcript for impeachment purposes.

Plaintiff identifies the following discovery documents to be used at trial: (1) Defendant's responses to Plaintiff's interrogatories dated May 12, 2012; (2) Plaintiff's requests for admission, sets one, two, and three; (3) Plaintiff's medical records obtained through discovery; (4) Defendant's supplemental responses to Plaintiff's interrogatory number ten; and (5) Defendant's statement of undisputed facts submitted in support of Defendant's motion for summary judgment.

**XI.        Further Discovery or Motions**

None.

**XII.       Stipulations**

None.

**XIII.      Amendments/Dismissals**

None.

**XIV.       Settlement Negotiations**

There have been no settlement negotiations.

Plaintiff is amenable to a settlement conference and believes one would be beneficial. Defendant does not indicate willingness to engage in settlement negotiations.

**XV.        Agreed Statement**

None.

**XVI.       Separate Trial of Issues**

The punitive damages phase, if any, will be bifurcated.

**XVII.      Impartial Experts – Limitation of Experts**

Plaintiff seeks the appointment of an impartial expert witness.

While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned to the government, the Court should exercise caution. The Court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege

13

claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.")

Furthermore, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical issue is not of such complexity that the Court requires the assistance of a neutral expert at trial. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

Therefore, Plaintiff's motion for the appointment of an impartial expert witness is denied.

**XVIII.     Attorney's Fees**

Defendant will seek attorney's fees if he prevails.

**XVIIV.     Trial Exhibits**

Defense counsel will retain the exhibits pending a decision on appeal.

**XVV.     Trial Protective Order**

None.

**XVVI.     Miscellaneous**

**A.     Motions In Limine**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12

(quotation marks omitted).

Any motion in limine must be served on the other party, and filed with the Court by **January 9, 2014**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court by **January 27, 2014**.

Motions in limine will be addressed on the morning of trial.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

### B.     Other

#### 1.     Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the parties wish to submit a trial brief, they must do so on or before **January 27, 2014**.

#### 2.     Verdict Form

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **January 27, 2014.**

#### 3.     Jury Instructions

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before **January 27, 2014**. Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **January 27, 2014**.

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities

without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendant), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. Defendant shall provide the Court with a copy of his proposed jury instructions via e-mail at: ljoorders@caed.uscourts.gov.

### 4. Proposed Voir Dire

Proposed voir dire questions, if any, shall be filed on or before **January 27, 2014**, pursuant to Local Rule 162.1.

### 5. Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 27, 2014**. The Court will consider the parties' statements but will draft its own statement. The parties will be provided with the opportunity to review the Court's prepared statement on the morning of trial.

### 6. Trial Exhibits

The original and two copies of all trial exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Irma Munoz no later than **January 27, 2014**. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100,

PX-101, etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendant's counsel shall submit the original and two copies of the joint trial exhibits, with exhibit lists, no later than **January 27, 2014**.

**XVVII.**          **Compliance with Amended Pretrial Order**

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated:   **January 6, 2014**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE