UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONTEMPT OF CONNIE GIPSON, Warden of California State Prison, Corcoran, FRED FOULK, Warden of California State Prison, High Desert, and DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondents.<br>_____/ | CASE NO. CV F 08-1849 LJO SKO (PC)<br><br>**ORDER TO SHOW CAUSE; MANDATORY PERSONAL APPEARANCES REQUIRED** |

At 8:30 a.m. on February 4, 2014, a prisoner civil jury trial was scheduled to commence in the action entitled *Michael Louis Foster v. A. Enenmoh*, Case No. CV F 08-1849 LJO SKO (PC). The trial did not commence as scheduled and was delayed nearly two hours due to the absence of the prisoner plaintiff.

On January 21, 2014, the out-to-court desk technician at High Desert State Prison (the designated service agent for the Warden and the facility) was served via email with the ORDER and WRIT for the Plaintiff (see ORDER dated January 21, 2014), Michael Louis Foster, CDCR #D-11452, to be present at 8 a.m. on February 4, 2014, for the beginning of jury trial. The required appearance was further confirmed by telephone on January 30, 2014, with the out-to-court desk technician of the prison (see docket entry of Roxanne Gonzalez, Generalist Clerk of the U.S. District Court for the Eastern District of California). The terms of the ORDER and WRIT required the custodian to provide the new custodian (the Warden or designee of California State Prison, Corcoran) with a copy of the writ.

The Court's ORDER and WRIT were directly violated. As a result, 27 potential jurors

1

were delayed in the Jury Administrator's Conference area (see Declaration of Jury Administrator Heather Mabe).

In addition, counsel, witnesses and Court staff were delayed.

For these reasons, this Court issues this ORDER TO SHOW CAUSE IN RE CONTEMPT for disobeying the January 21, 2014 order of this Court, and further to provide cause why this Court should not order the California Department of Corrections and Rehabilitation to reimburse the federal government for the delays caused by the disobedience and why this Court should not impose sanctions since this is not the first time that such misconduct has occurred and has been addressed by this Court (the prior occurrence resulting in an oral admonishment with no sanctions).

"A court has the inherent power to punish for civil or criminal contempt any obstruction of justice relating to any judicial proceeding." *Lambert v. Montana*, 545 F.2d 87, 88 (9th Cir.1976). "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Pursuant to Local Rule 110, "[f]ailure of counsel or a party to comply . . . with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." "The imposition of sanctions . . . transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's [misbehavior]." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1108 (9th Cir.2002) (quoting *Chambers*, 501 U.S. at 46). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. However, a primary aspect of the Court's discretion is the ability to fashion and appropriate sanction for conduct which abuses the judicial process. *Id.* A party's failure to abide by this Court's order abuses the judicial process. *See, Chambers*, 501 U.S. at 57 ("As long as a party receives an appropriate hearing . . . the party may be sanctions for abuses of process occurring beyond the courtroom,

1  such as disobeying the court's orders."); *see also*, Local Rule 110.

2      Wardens Connie Gipson and Fred Foulk are ORDERED to appear personally to
3  address this order to show cause on Monday, February 10, 2014 at 1:30 p.m. in Courtroom 4
4  (LJO) on the 7th Floor of the U.S. Courthouse, 2500 Tulare Street, Fresno, California 93721.

5      The clerk of court is DIRECTED to serve this order on California Deputy Attorney
6  General Monica Anderson who has agreed to accept service of this order.

7      **IT IS SO ORDERED.**

9  Dated:  February 4, 2014          /s/ Lawrence J. O'Neill
                                                                           U.S. DISTRICT JUDGE

ATTACHMENT 1

DECLARATION OF HEATHER MABE

JURY COMMISSIONER

U.S. DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

I, Heather Mabe, Jury Administrator, DECLARE:

On Tuesday, February 4, 2014 at 7:40 a.m., Araceli Gil-Garcia, Jury Clerk, began checking in summoned potential jurors for the scheduled trial. Twenty-seven potential jurors appeared for jury service. I gave orientation, prepared the randomized list for seating and delivered the paperwork to Irma Lira, Courtroom Deputy for the Honorable Lawrence J. O'Neill.

I declare under penalty of perjury that the above statements are true.

Dated: February 4, 2014

/s/ Heather Mabe