# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LOUIS FOSTER, | Case No. 1:08-cv-01849-LJO-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR TRIAL TRANSCRIPTS AT GOVERNMENT EXPENSE |
| v. | |
| A. ENENMOH, | (Doc. 169) |
| Defendant. | |

Plaintiff Michael Louis Foster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2008. This action was proceeding against Defendant Enenmoh for violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arose out of the alleged denial of medical care while he was incarcerated at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.

Following a two-day trial by jury commencing on February 4, 2014, judgment was entered for Defendant and against Plaintiff on February 6, 2014. Plaintiff filed a notice of appeal on February 20, 2014, and on March 21, 2014, Plaintiff filed a motion seeking the trial transcript at government expense.

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court

receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct payment the government to pay for transcripts for a litigant proceeding in forma pauperis.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

The Court does not find that Plaintiff's appeal presents any substantial issues. Accordingly, Plaintiff's motion for the trial transcript at government expense is HEREBY DENIED. Any further relief on this issue must be sought from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **March 24, 2014**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE